Curia, per

O'Neall, J.
The plaintiff cannot recover, on the first count, for a sale and delivery of the slaves to the defendant, for the plain reason that the slaves were afterwards re-sold. For, if the first sale (as it is called) was, indeed, a legal and valid one, completed by delivery, then there could be no re-sale. *17 The general indebitatus counts for goods sold, and for money had and received, cannot he sustained; for there was no sale; and there is no pretence that the defendant has had money or money’s worth for the use of the plaintiff. As to the third count, and the proof under it, it is sufficient to remark, that Yongue vs. Cathcart, (3 Strob. 304,) forbids a recovery. The only question is, whether, under the second count, and the evidence, the plaintiff can recover.
That count makes this case, that the plaintiff, as sheriff of Fairfield, had seized in execution, legally advertised for sale, the slaves in question, and offered them for sale, at public auction,' at which the defendant was the highest and last bidder, for the sum of $1975, but that he would not, although often requested so to do, take and receive the said slaves, and pay the purchase money.
Without pausing to notice defects in form in that count, and which were, beyond doubt, the subject of special demurrer, I propose to inquire whether the plaintiff can recover upon it.
I am perfectly clear that he cannot. A sheriff’s sale is for cash. It is his duty to require the money to be paid before he delivers the property. If he chooses to deliver it before payment is actually made, he places himself in this position. He is regarded in law, so far as the plaintiff and defendant in execution are concerned, as having received the money bid, and his only remedy is by action against the purchaser on the sale. But, if there be no delivery to the purchaser, (and that is the point of view in which the re-sale forces us to consider this case,) then the 58th sec. of the Act of 1839, (11 Stat. 37,) points out his course. If he follows it, he will be entitled to recover; otherwise, not. Here, according to the count and the proof, Aiken refused to receive the slaves, which had been, at his bid, struck off to him. When this case was formerly before the Court, (3 Strob. 533,) the only question brought to our view, in considering the competency of John Ford, was whether Aiken’s *18 bid had been transferred to Peay. Now, however, when the record is brought up, and the case is thoroughly sifted, it appears there was a question (the one now before us) antecedent to that.
Turning to the 58th sec. of the Act of 1839, we find that, if the purchaser fails to comply, the sheriff is to re-sell. How? The law says, “ on the same, or some subsequent sale day, as the plaintiff may direct; in the absence of any direction by the plaintiff, the sheriff shall re-sell on the same day, if practicable; if not, on the next succeeding sale, day, making, in every such case, proclamation that he is re-selling at the risk of such defaulting former purchaser.” Yongue vs. Cathcart, (3 Strob. 304.) The plaintiff has not complied with this law, and he cannot recover.
The motion for a nonsuit is granted.
Evans, Frost and Withers, JJ., concurred.